UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Case 2:23-cr-00030-ACA-SGC |
| ) | |
| **MOHAMMAD SHAHID JENKINS** ) | |

## PROTECTIVE ORDER

The Government's unopposed motion for a protective order is **GRANTED**.

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the United States requests that the Court authorize the disclosure of certain sensitive documents to the defendant's counsel without the necessity of redacting confidential identification information throughout the material. The United States has also requested a protective order governing the use of confidential information in this matter.

After giving due consideration to the government's motion, the following is **ORDERED** pursuant to Rule 16(d):

1. The United States may disclose to defense counsel and the defendant confidential and sensitive information in this case, including:

    a. names;

    b. residential addresses and telephone numbers;

    c. dates of birth;

1

      d. driver's license numbers;

      e. social security numbers;

      f. financial information; and

      g. personal health information;

*i.e.*, personal identifying information (PII) and personal health information (PHI).

2. The defendant, defense counsel, and other professional members of the defense team (including attorneys, paralegals, legal assistants, investigators, and experts), are prohibited from the following:

    a. Using or disclosing PII or PHI for any purpose other than to represent the defendant in connection with this matter.

    b. Disclosing PII or PHI to any persons other than the defendant or persons described in paragraph 2 above.

    c. Leaving or retaining any PII or PHI (or copies thereof) in the control or custody of any persons other than the defendant or persons described in paragraph 2 above.

3. Defense counsel may provide the PII and PHI to the defendant via secure and password-protected digital media (including thumb drives, email, or share file systems), via an electronic discovery platform, via screen sharing on video conferencing software, or in hard copy. In all instances, access must be limited to the authorized individuals described in paragraph 2.

4. The defendant is also subject to the restrictions set out in paragraph 2

above. In addition, the defendant may not reproduce or make copies of the PII and PHI, except that the defendant may reproduce or copy any discovery document that the government originally obtained from the defendant or an entity owned by the defendant.

     5.    PII and PHI may be redacted before documents containing such information can be used in open court or in a public filing. This Order does not affect the requirement for redaction of material filed with the Court in compliance with Rule 49.1 of the Federal Rules of Criminal Procedure. Such redaction is still required.

     6.    The procedures for use of documents containing PII or PHI during any hearing or trial shall be determined by the Court in advance of the hearing or trial. No party shall file, unless under seal, or disclose in open court documents containing PII or PHI without prior consultation with the Court.

     7.    Prior to any persons receiving disclosure of PII or PHI pursuant to the terms of this Order, those persons shall be provided a copy of this Protective Order. Any such persons shall be deemed to consent to the terms of this Order and to submit themselves to the jurisdiction of the Court for purposes of enforcement of this Order. Furthermore, this Protective Order will remain in full force and effect following the end or termination of this case for purposes of enforcement of the Order.

8. Once this case becomes final,[1] the defendant, defense counsel, and the defense team shall destroy all paper copies of the PII and PHI and, to the extent reasonably possible, shall delete all electronic copies of such PII and PHI or, at a minimum, shall safeguard and restrict access to any such electronic copies in accordance with defense counsel's standard law firm protocols.

9. Violation of the terms and provisions of this Protective Order may be sanctioned in any way authorized by law, including, but not limited to, a contempt of court. Nothing in this Protective Order shall be deemed to limit or preclude criminal prosecution for conduct that may also be in violation of the Protective Order.

10. Nothing in this Protective Order shall be construed to limit the defendant's use of his own PII and PHI.

**DONE** this ___ day of February 2023.

_____
STACI G. CORNELIUS
United States Magistrate Judge

---

[1] A case is "final" when all direct appeals are exhausted or the time for seeking appeal expires.